### No. 891.—Abat & Cushman v. L. G. Atkinson.

In a written contract of sale of a lot of one hundred bales of cotton between A and B the following stipulations appear:

*First*—A declares that he sells to B 100 bales of his cotton crop then on his plantation.

*Second*—The cotton was to be delivered at Randleson's Landing or at some other convenient point on the river. Suit is brought by B to enforce the performance of the contract, and a writ of sequestration issued, and a few bales of cotton on the plantation in the seed was sequestered by the sheriff; a *fi. fa.* was issued on a judgment in favor of the wife against A, and the same cotton was seized by the sheriff.

Held—That as B had no privilege on the cotton, and the sale not being completed by delivery, the weighing and counting of the bales being essential to perfect the sale, the seizing creditor must hold the cotton as against the sequestration.

APPEAL from Fifth District Court parish East Feliciana. *Posey, J. Race, Foster & E. T. Merrick* and *Cross & Hardee*, for plaintiffs and appellants, *J. H. Muse*, for defendant appellee.

Wyly, J. In the year 1862 plaintiffs made a contract in writing with the defendant to purchase from him one hundred bales of his cotton crop then on his plantation averaging four hundred pounds per bale, more or less, the said cotton to be delivered at Randleson's Landing or some other convenient point on the river. In consideration of this contract the plaintiffs paid to the defendant thirty-four hundred dollars in cash.

This suit was instituted on sixteenth of August, 1865, to enforce the contract and recover possession of the cotton or its value. Petitioners allege that the defendant, Atkinson, has sold and appropriated a considerable amount of the cotton and acted in bad faith with them. They therefore prayed that a writ of sequestration issue, directed to the sheriff to seize and take into his possession "all the remaining cotton on the premises of said Atkinson or elsewhere, if to be found, or so much as will amount to said one hundred bales, and to hold the same subject to the order of the court," etc. On the same day the sheriff seized and sequestered five bales of cotton, more or. less, in the seed on the premises of the defendant and appointed him keeper thereof.

Mrs. A. Boon, wife of the defendant, Atkinson, having a judgment against her husband for a large amount seized on all his personal property on the premises, including the lot of seed cotton sequestered by the plaintiffs; the sheriff having refused to sell the cotton under her execution she took a rule on him to show cause why the proceeds of the cotton levied on should not be applied, when sold, to the satisfaction, *pro tanto*, of her judgment.

In answer to the rule the sheriff showed that the cotton was sequestered by the plaintiffs, and being in his hands by legal process he could make no legal delivery thereof to a purchaser were he to sell it under the *fi. fa.* of the plaintiff in the rule.

On the trial the rule was consolidated and tried with this suit. The

court rendered judgment in favor of plaintiffs and against the defendant for the value of the cotton, and decreed that the privilege of the seizing creditor, Mrs. Adelia Boon, wife of the defendant, on the cotton seized by her, was superior to that of plaintiffs, and rejected plaintiffs' claim as to the cotton sequestered.

Plaintiffs have appealed.

The simple question presented in this case is, was the contract of sale declared upon consummated by the delivery of the cotton? If there was a delivery the contract of sale was perfected, and, of course, the cotton on the premises of Atkinson was not subjected to the seizure of his judgment creditors. The title to personal property, at least so far as it affects third parties, only passes by tradition.

The written contract must be examined to ascertain whether there was an actual delivery. From two expressions in the contract we are satisfied there was no delivery. One is where he, Atkinson, declares he sells one hundred bales of his cotton crop then on his plantation. He did not sell all his cotton crop on his plantation. He only sold part, one hundred bales of his cotton crop.

For aught that we know there may have been five hundred bales on the place. If one hundred bales had been destroyed by fire on whom would the loss have fallen? How could it be ascertained which of the bales belonged to the plaintiffs and which remained to the defendant?

We think in this case the sale was not completed, the bales not having been weighed and counted. The other expression in the contract which satisfies us there was no delivery is the stipulation that the cotton was to be delivered at Randleson's Landing, or at some other convenient point on the river. This was never done because the petition alleges that the defendant had sold and appropriated the cotton or a considerable part thereof. From the evidence we are satisfied there was no tradition or delivery of the cotton, and that it remained at the risk of the defendant, Atkinson, in his possession.

The question is not whether the plaintiffs have a privilege on the cotton in controversy superior to the seizing creditor's privilege; they have no privilege whatever; they have sequestered it as being the owners thereof. The sequestration gave no privilege; it merely detained the cotton till its ownership could be determined.

If there was no tradition or delivery there was no sale, but an obligation to sell which could not operate upon the property of the defendant so as to place it beyond the reach of the executions of his judgment creditors.

The testimony of the witness D. C. Hardee does not establish the sale of the six bales of cotton in the seed on the day it was sequestered, although he states there was a positive contract that " this six bales was to be credited on the writ." This does not establish a verbal sale independent of the written contract sued on, for the simple reason it

lacked the essential elements of a contract of sale, there being no price, no delivery. It was a mere consent of the debtor that the proceeds of that part of his property when sold might be applied to the satisfaction of plaintiffs' claim. This consent could not defeat the right of his judgment creditor to execute her writ upon the property. We are satisfied the cotton in dispute was never delivered to the plaintiffs; it was not in condition to be delivered according to the evident intention of the parties at the time the contract was executed; that contract stipulated for the delivery to be made at a shipping point on the river, and we can not presume that the parties contemplated the delivery of seed cotton at a shipping point; they evidently intended it to be in merchantable bales ready for shipment; besides reference to the weights of the bales was mentioned in the contract.·

It is therefore ordered that the judgment appealed from be affirmed with costs.

(Mr. Justice Howell was recused in this case.)